## DeVANE *v.* RENTZ.

1. It is the exclusive province of the jury, in case of conflicting evidence, to accord the preference in credibility to one witness rather than to another (and to believe one witness rather than any number testifying to the contrary), and unless the conclusion reached by the jury was induced by some error of law in the trial the verdict of the jury upon such conflicting evidence cannot be set aside.
2. The assignments of error upon the excerpts from the charge of the court present no reason for the grant of a new trial.
3. The complaint that the court injected into the case an issue not pertinent thereto cannot be sustained, since the instruction upon the subject was required by the pleadings filed by the plaintiff in error himself in the lower court.

No. 4011.    JULY 18, 1924.

Equitable petition.    Before Judge Dickerson.    Berrien superior court.    September 8, 1923.

*E. K. Wilcox, W. D. Buie,* and *R. A. Hendricks,* for plaintiff.
*John P. & Dewey Knight,* for defendant.

RUSSELL, C. J.    O. L. Rentz sued E. H. DeVane, in the city court of Nashville, to recover a balance of $500 which he claimed to be due him upon a note for $3000, executed and delivered by De-Vane as a part of the purchase-price of a tract of land. The suit in the city court was enjoined by the present action in which DeVane, as petitioner· in an equitable petition, asked that the bond for title which Rentz had made to him be reformed, and that as a consequence Rentz be required to pay him $37.50 and decreed to execute him a deed conveying title to the land of which he was actually in possession, and which the petitioner alleged was purchased by the acre. According to the allegations of the petition DeVane purchased the land on a contract which provided a consideration for the $3000 note, by the acre at $50 per acre, and he alleged that there was a shortage of 10-3/4 acres, by reason of which Rentz had in fact already been overpaid $37.50 more than the acreage purchased by him amounted to at the rate of $50 per acre. Rentz in his answer denied all the substantial allegations

of the petition, and asked judgment for the principal, interest, and attorney's fees of the balance of $500 for which he had brought suit in the city court. The jury returned a verdict in favor of Rentz. A motion for a new trial was overruled, and DeVane excepted to that judgment. In addition to the three usual general grounds contained in the motion, four grounds were added by way of amendment, complaining of errors in the charge of the court.

1. As to the general grounds: The controlling and only substantial issue in the case is whether DeVane purchased the land from Rentz by the tract, or by the acre at $50 per acre. It is conceded by DeVane's petition for reformation that the language used in the bond for title given to DeVane by Rentz imports a sale of the premises as a tract, and that the statement that it contained 116 acres is merely part of the identifying description of the land contained within well-defined and well-marked boundaries. The plaintiff in the lower court himself testified, and he was supported by several witnesses, to facts which would have authorized, but which would not have required, the jury to find that the purchase of the premises was by the acre. Rentz testified, that the question of acreage was never mentioned; that so far as he was concerned the land was surveyed merely because he had a curiosity to find out how much land the tract contained; that his price for the land was $5800 all the time; that DeVane wanted the land surveyed only for the purpose of definitely fixing the boundary lines; that when the surveyor had surveyed three sides of the tract, and the fourth line (which was a creek in a deep channel) had been reached, the surveyor remarked that he could figure the contents, since he had the courses and distances of the other three sides, without running that line, and could tell the area embraced in the boundaries without running down the creek; that he (Rentz) stated that was up to DeVane, and DeVane said that he was satisfied with the calculation. The surveyor, after a calculation, stated that the tract contained 116.90 acres (which would have made the price at $50 per acre $5845) ; and Rentz then said that he was willing to make it even money, $5800; and thereupon they proceeded to the office of J. L. Jackson, an attorney, who prepared the bond for title, and payment upon the basis of $5800 was made by DeVane assuming a loan of $1500 upon the property, the payment to Rentz of $300 in cash and by check, and the delivery to Rentz

of the note for $3000, upon which $2500 was subsequently paid, leaving $500 due upon the note. There are various minor circumstances in which the testimony of Rentz conflicted with the testimony of DeVane, Jackson, Moore, T. P. Parrish, Futch, and L. S. Parrish; but as to these, as well as upon the central issue in the case, it was within the province of the jury to accord preference in credibility to Rentz, so that under the well-established rule upon that subject it must be held that the verdict is so supported that the court would have no power to set it aside unless some error of law occurring in the trial caused or contributed to the conclusion reached by the jury.

2. In the first special ground of the motion complaint is made that the court erred in charging the jury that "Mere ignorance of the law on the part of the party himself, where the facts are all known and there is no misplaced confidence, and no artifice or deception or fraudulent practice is used by the other party, either to induce the mistake of law or to prevent its correction, will not authorize the intervention of equity." In the second ground it is complained that the court erred in charging that "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one and gives an unconscientious advantage to the other, may be relieved in equity." In the third ground the complaint is that the court erred in charging that "A mistake of law in the draftsman, or other agent, by which the contract, as executed, does not fulfill or violates the manifest intention of the parties to the agreement, is relievable in equity." In the fourth ground it is complained that the court erred in charging that "If the party, by reasonable diligence, could have had knowledge of the truth, equity will not relieve; nor will the ignorance of a fact, known to the opposite party, justify an interference, if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act." In the fifth ground it is complained that the court erred in charging that "Ignorance by both parties of a fact does not justify the interference of the court; nor will a mistake in judgment or opinion merely, as to the value of property, authorize such interference." .The assignment of error as to each of these excerpts from the charge is substantially the same, to wit, that the instruction "injects into the case issues not made by the pleadings or

the evidence, for that: (a) It was not contended by the plaintiff that any mistake of law was made, he merely contending that there was a mistake in the number of acres in the tract of land by reason of a mistake in the survey of the same, and therefore that the purchase-price to be paid was greater by reason of the mistake in said survey, which was a mistake of fact and not of law. (b) It was not contended by either the plaintiff or the defendant that the correct number of acres was known at the time of the execution of the contract; the plaintiff contending that he had purchased the tract of land at $50 per acre, and that there was, instead of the acreage described in the contract of 116 acres, only 105-¼ acres, and that there was a mistake in the survey of the lands; while the defendant contended that the land was sold as a tract for the amount named in the bond for title. There was therefore no mistake of law but a mistake of fact. (c) The quoted excerpt from the charge was not justified by the pleadings or the evidence." In the third ground of the amended motion is added a fourth subdivision of the assignment of error, that "The evidence is uncontradicted that there was no mistake of law made by the draftsman in this case, but that there was a mistake as to the number of acres in the tract of land, which was the result of a mistake in the survey of the same; and the court erred in injecting in the case an issue as to a mistake of law in the draftsman."

We do not think that the excerpts from the charge are subject to the specific objections presented by the motion for a new trial. Upon a review of the charge as a whole, and viewing the connection in which these abstract principles of law were stated, it is plain that the statement of these principles did the plaintiff no harm. The instructions of which complaint is made, if erroneous because inapplicable to the real issues in the case, were not sufficiently harmful to the movant as to have required the grant of a new trial, or as to afford grounds for reversal of the judgment refusing the new trial. The point principally stressed, that the court erred in injecting any instruction as to the law upon the subject of mistake of law, for the reason that there was no evidence that any mistake of law had been made by the draftsman, is without merit, because it is the duty of the court to present the issues made by the pleadings and the evidence, and in the fifteenth paragraph of the plaintiff's petition it is expressly alleged that "the

mistake of the draftsman in writing into said bond for title a description which purports to make the transaction a sale by the tract and not by the acre, was an honest *mistake of the law* upon the part of the draftsman, as to the effect of the bond for title, on the part of both the obligor and the obligee therein mentioned." The construction of the bond for title was not before the court, nor is it before us. It is conceded in the petition that the bond for title bespoke a sale of land by the tract, and the case was tried upon that theory. But the plaintiff in error cannot complain that the court charged upon the subject of mistakes of law and the definition thereof, after having himself based his case partly upon the mistake of law, described as quoted above, and aver that the court injected an issue into the case that was foreign thereto.

*Judgment affirmed. All the Justices concur.*